IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Manuel De Jesus Alvarez Hernandez, Individually and on Behalf of Others Similarly Situated,<br>　　Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-3038 |
| Ramon Nava, Individually and d/b/a Southeast Pallet Co and Southeast Pallet, Inc.,<br>　　Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Ramon Nava ("Nava"), individually and doing business under the trade name of Southeast Pallet Co. and through his now-defunct company, Southeast Pallet, Inc. (jointly, "Defendants"), has a business plan that includes paying non-exempt employees on a piece-rate basis and not paying the employees overtime pay, no matter how many hours per week his employees work. This payment plan thus includes not paying an overtime premium for those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows him to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Manuel De Jesus Alvarez Hernandez ("Plaintiff") is one of the workers hired by Defendants as a piece-rate employee and not paid overtime pay and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

## Facts Supporting Relief

### Allegations Related to Plaintiff's and His Coworkers' Claims

1. Plaintiff worked for Defendants as a pallet maker from 2010 until August 16, 2022. Plaintiff's duties included building and repairing wooden pallets.

2. During the time he worked for the Defendants, Plaintiff regularly worked moer than 40 hours per week.

3. Defendants paid Plaintiff on a piece-rate basis, meaning that Plaintiff was paid the same amount of money for each specific task performed, irrespective of hours worked each day or week. Defendant did not pay Plaintiff an overtime premium for any of the hours he worked over 40 in a workweek. Instead, Defendants paid Plaintiff the same set piece rate no matter how many hours he worked each day or week.

4. Plaintiff worked with numerous other individuals who were paid on a piece-rate basis. These individuals were also pallet makers who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked over 40 per workweek.

5. Ramon Nava is the sole shareholder/ owner of Southeast Pallet, Inc. Mr. Nava had and exercised the authority to hire and fire employees, including Plaintiff, Mr. Nava determined the hours that Plaintiff and his coworkers worked, and Mr. Nava determined how Plaintiff and his coworkers would be paid, including making the decision to not pay them overtime pay. In addition, Southeast Pallet, Inc. forfeited its right to do business in Texas in 2003.

### Allegations Regarding FLSA Coverage

6. Defendants are an enterprise that is covered by and subject to the overtime requirements of the FLSA.

7. During each of the three years prior to this complaint being filed, Defendants

were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

8. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

9. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, Defendants' employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiff's Claims

11. Defendants were legally required to pay Plaintiff and his similarly situated pallet maker co-workers ("Similarly Situated Workers") overtime pay for all hours over 40 that these individuals worked for Defendants in any workweek.

12. Plaintiff worked over 40 hours in many workweeks that he worked for Defendants.

13. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

14. Defendants did not pay Plaintiff time-and-a-half for any of the overtime hours that

he worked for the Defendants.

15. Ramon Nava was Plaintiff's "employer" as that term is understood under the FLSA based on the control he exerted on the terms and conditions of Plaintiff's and his coworkers' employment and is thus responsible for Plaintiff's damages. In addition, Mr. Nava, as an officer and director of Southeast Pallet, Inc., is individually liable for the debt owed to Plaintiff and his coworkers after the loss of the corporation's right to do business in Texas.

16. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17. Defendants violated the FLSA by failing to pay Plaintiff overtime pay for hours worked over 40 per workweek.

18. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

19. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

20. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying pallet maker workers on a piece-rate basis without paying proper overtime. This generally applicable policy is prohibited by the FLSA. Thus,

Plaintiff's experience is typical of the experiences of the Similarly Situated Workers.

21. The class of similarly situated Plaintiffs is properly defined as:

**All individuals who are/were employed as pallet makers by and paid on a piece-rate basis by Defendants Ramon Nava, individually and d/b/a Southeast Pallet Co., and Southeast Pallets, Inc. during the three-year period preceding the filing of this Complaint.**

### Defendant, Jurisdiction, and Venue

22. Defendant Ramon Nava is an individual and an "employer" as defined by the FLSA. Defendant may be served at 6519 Rupley Circle, Houston, Texas 77087, or wherever he may be found.

23. Defendant Southeast Pallet, Inc. is a defunct Texas corporation and an "employer" as defined by the FLSA. This Defendant may be served through its officer, director, and registered agent, Ramon Nava at 6519 Rupley Circle, Houston, Texas 77087, or wherever he may be found.

24. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Demand for Jury

25. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing pallet making work who are/were employed by and paid on a piece-rate basis by Southeast Pallet, Inc., Southeast Pallet Co. and/or Ramon Nava during the three-year period

5

immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFF MANUEL DE JESUS ALVAREZ HERNANDEZ**