IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Manuel De Jesus Alvarez Hernandez, §
Individually and on Behalf of Others
Similarly Situated,
  Plaintiff,

V.             §    CIVIL ACTION NO. 4:22-cv- 3038

Ramon Nava, Individually and
d/b/a Southeast Pallet Co and
Southeast Pallet, Inc.,
  Defendants.        §    JURY DEMANDED

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

  Please restate the instruction before furnishing the information.

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

   The attorneys for the parties met by phone on December 1, 2022, and then followed up by email. Joe Buenker represented the plaintiff and David Augustus represented the defendants.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

   None.

3. <u>Briefly</u> describe what this case is about.

   Plaintiff seeks overtime pay for hours worked in excess of 40 per week, and seeks to have notice sent to similarly situated workers to invite them to participate and proceed collectively.

4.  Specify the allegation of federal jurisdiction.

    Plaintiff seeks relief under a federal statute and thus the Court has federal question jurisdiction of the claims asserted.

5.  Identify the parties who disagree and the reasons.

    None.

6.  Identify any issues as to service of process, personal jurisdiction, or venue.

    None.

7.  List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.

    Plaintiff plans to file a motion to proceed collectively and to send notice to similarly situated workers. Plaintiff believes that he can file his motion by

8.  State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

    Plaintiff has made his initial disclosures and initial discovery protocols responses. Defendants will make their initial disclosures no later than December 30, 2022.

9.  If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

    The parties agree to submit any attorney fee issue to the court after other issues are resolved.

10. Describe the proposed discovery plan, including:

    A.  Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

        (1) The parties do not believe that any changes in the timing, form or requirement for disclosure under Rule 26(a) should be made.

(2)     The discovery plan as agreed to between the parties relative to Plaintiff's claims and Defendants' defenses is stated herein.

(3)     The parties are not aware of any issues relating to disclosure or discovery of electronically stored information that need to be addressed by the Court at this time.  The parties agree to produce relevant, discoverable information in hard copy form or a .pdf version thereof, to the extent available, and, upon request, to produce electronically stored information in a widely acceptable readable format, if available.  Both parties reserve the right to request production of electronically stored information in a mutually agreeable alternative format.

(4)     The parties are not aware of any issues relating to claims of privilege that need to be addressed by the Court at this time.  The parties agreed to preserve and return privileged information that may be inadvertently disclosed during discovery.

(5)     The parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rule, or that any other limitations should be imposed.

(6)     The parties do not believe that any orders should be entered by the Court under Rule 16(b) and (c), except for the entry of the Court's scheduling and docket control order.

(7)     The parties agree that electronic service shall constitute proper service in this case provided the receiving party acknowledges receipt of the electronic service by replying with "Received" or sending a read receipt or something similar.

B.  When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

Plaintiff anticipates sending interrogatories to defendants before the end of the discovery period.

C.  When and to whom the defendants anticipate they may send interrogatories and requests for production.

Defendants anticipate sending interrogatories to plaintiff before the end of the discovery period.

D.     Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

        Plaintiffs anticipate taking the oral deposition of the corporate representative(s) of defendant before the end of the discovery period, and perhaps in the early stages of the case if deemed necessary for plaintiffs' notice motion. Plaintiffs also anticipate taking the oral deposition(s) of one or more employees of defendant, and perhaps third-party witnesses who worked with or around Plaintiff. The identities of such individuals have not yet been determined. All parties are local so remote depositions are not anticipated in this case.

E.     Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

        Defendants anticipate taking the oral deposition of the Plaintiff before the end of the discovery period, as well as depositions of any fact witnesses named by Plaintiff. All parties are local so remote depositions are not anticipated in this case.

F.     Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

        Plaintiffs plan to file a motion to send notice to potential collective action plaintiffs and the discovery regarding notice issues should proceed prior to that motion being filed. Plaintiff anticipates that he

G.     Any experts needed on issues other than attorneys' fees.

        None anticipated at this time.

H.     If medical experts are needed, whether they are only treating physicians or also designated on other issues.

        Not applicable.

I.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate

    responsive experts and to provide their reports.

J. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

  Plaintiffs do not anticipate taking any expert depositions. If they do become necessary, plaintiffs are amenable to taking them remotely.

K. List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

  Defendants do not anticipate taking any expert depositions. If they do become necessary, defendants are amenable to taking them remotely.

L. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

  Not applicable.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

  Not applicable; the parties are in agreement.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

  None.

13. State the date the planned discovery can reasonably be completed.

  August 25, 2023.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

  The attorneys discussed potential resolution, and believe that fruitful discussions can be had after initial discovery and after the court rules on plaintiff's motion for notice.

15. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

    Private mediation or magistrate judge mediation.

16. Magistrate judges may hold jury and nonjury trials with the consent of all parties. Indicate the parties' joint position on a trial before Judge Sam Sheldon.

    The parties have agreed to consent to Judge Sheldon and will file their consent in the near future.

17. State whether a jury demand has been made and if it was made on time.

    Plaintiff timely made a jury demand in this case.

18. Specify the number of hours it will likely take to present the evidence.

    The parties estimate that this case will take 2-3 days to try (12-16 hours of evidence).

19. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

    None.

20. List other pending motions.

    None.

21. List issues or matters, including discovery, that should be addressed at the conference.

    None.

22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

    Plaintiff:                                  September 8, 2022

    Defendants:                                 October 10, 2022

23. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

| | |
|---|---|
| Josef F. Buenker | Attorneys for Plaintiff |
| Texas State Bar No. 03316860 | |
| Federal ID No. 11498 | |
| P.O. Box 10099 | |
| Houston, Texas 77206 | |
| 713-868-3388 | |
| 713-683-9940 (fax) | |

jbuenker@buenkerlaw.com

Simon W. Hendershot, III                    Attorneys for Defendants
Texas State Bar No. 90417200
1800 Bering Drive, Suite 600
Houston, Texas 77057
(713) 783-3110
(713) 783-2809 (fax)
dflynn@hchlawyers.com
trey@hchlawyers.com


*/s/ Josef F. Buenker*                                    December 1, 2022
Josef F. Buenker                                          Date
Counsel for Plaintiff


*/s/ Simon W. Hendershot, III*                            December 1, 2022
Simon W. Hendershot, III                                  Date
Counsel for Defendants